IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBER HALL, | ) | 8:11CV408 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HOUSING AUTHORITY, | ) | |
| CARMELIA SMITH, JONETTA | ) | |
| HENRY, and GEORGE ACHOLA, | ) | |
| Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on December 5, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's' claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Summarized and condensed, Plaintiff alleges that Defendants instituted eviction proceedings against her in Nebraska state court in November, 2011. (Filing No. 1 at CM/ECF p. 11.) Plaintiff further alleges that she failed to receive the required "30 day notice" prior to her eviction and that the state court did not adequately consider the reasoning behind her failure to pay rent. (*Id.* at CM/ECF p. 7.) Plaintiff also alleges that she disagrees with the state-court decision to permit her eviction and that she could not read the forms she signed relating to her eviction because she didn't have her glasses at the court hearing. (*Id.*) Plaintiff claims that the $1,653.00 she owes Defendants in "back rent" is not the correct amount because she received spider bites while living in the apartment. (*Id.* at CM/ECF p. 27; *see also* Filing No. 6.) Plaintiff requests that the court allow her "more time to move,"

and prevent Defendants from offsetting the back rent due with her section 8 voucher money.  (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Liberally construed, Plaintiff requests that this court prevent Defendants from proceeding with her eviction in accordance with the ongoing proceedings in Nebraska state court.  (Filing No. 1.)  However, to promote comity between state and federal judicial bodies, "federal courts should abstain from exercising jurisdiction in cases

where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also* *Boyer v. Scott Bros. Inv. Corp.*, No. 4:11CV1172, 2011 WL 3847412, *6 (E.D. Mo. Aug. 27, 2011) (abstaining under *Younger* where the plaintiff challenged her eviction and finding that "[e]viction is a relatively complex procedure extensively regulated by state law, which dictates stringent notice requirements and the nature of the eviction proceedings themselves"); *Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) (noting the split of authority and abstaining under *Younger* where state-court eviction action was pending and specifically finding that eviction actions implicate important state interests because states "so extensively regulate[] . . . landlord-tenant law" and "the state has the further interest in determining, in the first instance, what defenses may appropriately be raised to a forcible entry and detainer action").

Plaintiff's pleadings show that Defendants have initiated eviction proceedings against her in Nebraska state court. (Filing No. 1 at CM/ECF pp. 11-12, 26-30.) This state-court eviction action is a parallel, ongoing proceeding[1] which implicates

---

[1]The record currently before the court is unclear regarding whether a final judgment has been entered in the state-court eviction proceedings or whether a state-court appeal is pending. Regardless, even if the Nebraska eviction action is final, this court would be barred from exercising jurisdiction over that final state-court judgment because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state-court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also* *Jacobs v. Gear Props.*, 2 F. App'x 617, 617 (8th Cir. 2001) (affirming dismissal of civil rights action relating to state-court eviction in accordance with *Rooker-Felman* doctrine).

important state interests. In addition, Plaintiff has not alleged, nor demonstrated, that the ongoing state-court eviction proceedings will not provide her with the opportunity to raise the claims and arguments raised in her Complaint. *Plouffe v. Ligon*, No. 08-3996, 2010 WL 2178863, *2 (8th Cir. June 2, 2010) (applying *Younger* and finding abstention warranted where the plaintiff failed to show that the state court proceedings did "not afford him an adequate opportunity to raise his constitutional claims"). To the contrary, Plaintiff attaches at least one document she filed in the state-court proceeding which sets forth nearly identical claims to those set forth in this matter. (Filing No. 1 at CM/ECF pp. 27-28.) Notably, Plaintiff does not set forth any specifi federal constitutional claim (or other federal claim) in her Complaint, making the case for abstention even greater. Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint is dismissed without prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.